Mr. Richard G. Groff Attorney for the City of Palmetto Post Office Drawer 9480 Bradenton, Florida 34206
Dear Mr. Groff:
You ask substantially the following question:
May a member of the city council who has been lawfully removed from office by the Governor pursuant to section 112.51, Florida Statutes, run in the special election to fill the vacancy created by his removal and, if elected, serve the remainder of the term?
In sum:
A member of the city council who has been lawfully removed from office by the Governor may not serve the remainder of the term from which he was removed.
No question has arisen regarding the Governor's action and no comment will be made on the qualifications of such an individual under the election code or the city's code.
You state that a council member who took office on January 3, 1994, was charged, by information of the State Attorney, with several crimes including felonies. As a result, the Governor suspended him from office in August 1996. With only a few months remaining in the term, the city did not hold a special election, but rather waited for the regular election to fill the new term. The suspended member qualified for the general election and was elected to a new term. The Governor declined to suspend the member from the new term. However, approximately six months into the term, the member entered a plea of nolo contendere to the felony charges in the case against him. The Governor by executive order suspended the member once again and subsequently removed him from office. Now the member wishes to qualify to run in the special election to fill the remainder of the term of office left vacant by his removal.
Section 112.51, Florida Statutes, in part, provides:
"(2) Whenever any elected or appointed municipal official is arrested for a felony or for a misdemeanor related to the duties of office or is indicted or informed against for the commission of a federal felony or misdemeanor or state felony or misdemeanor, the Governor has the power to suspend such municipal official from office.
* * *
(4) No municipal official who has been suspended from office underthis section may perform any official act, duty, or functionduring his or her suspension; receive any pay or allowance duringhis or her suspension; or be entitled to any of the emoluments orprivileges of his or her office during suspension.
(5) If the municipal official is convicted of any of the charges contained in the indictment or information by reason of which he or she was suspended under the provisions of this section, the Governor shall remove such municipal official from office. For the purposes of this section, any person who pleads guilty or nolo contendere or who is found guilty shall be deemed to have been convicted, notwithstanding a suspension of sentence or a withholding of adjudication." (e.s.)
While the statute does not state that an official who has been removed from office is precluded from seeking election to the remainder of the term, it would be illogical to interpret the absence of such language to mean that an official who has been removed enjoys greater rights to the office than one who merely has been suspended. As the plain language of the statute provides, an official who has been suspended may not exercise any authority attendant to the office, receive any pay, or be entitled to any of the privileges of the office. Common sense dictates that an official who is removed from office after having been suspended may not serve the remainder of the term of the office that is vacant due to the official's removal.
In Attorney General Opinion 71-284, this office addressed a similar situation in which adjudication of guilt was withheld and the official who had been suspended was placed on probation. The question posed was whether the suspended official was precluded from seeking an elective municipal office. This office recognized that the indictment and suspension conditions apply only to the unexpired term of office during which the charges against the official have been brought; however, the conditions do not apply to subsequent terms of office if the official is eligible to vote and hold office under the city's charter or other law.
Accordingly, it is my opinion that an official who has been removed from office following a suspension may not seek to fill the vacancy created by his removal in order to serve the remainder of the term.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk